IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| Plaintiff-Respondent, § | |
| v. § | CR. No. H-95-97 |
| § | |
| TAM DUY NGUYEN, § | |
| Defendant-Movant. § | |

**UNITED STATES OPPOSITION TO DEFENDANT-MOVANT NGUYEN'S REQUEST TO DISCHARGE $25,000 FINE**

The United States of America, Plaintiff-Respondent, by the United States Attorney for the Southern District of Texas, opposes Defendant-Movant Nguyen's request for this Court to discharge the $25,000 fine imposed against him at sentencing.

1. Nguyen was charged by indictment on May 5, 1995, with conspiring with Sieu Linh Doto to manufacture and place a destructive device under a vehicle used in interstate commerce or in an activity affecting interstate commerce, in violation of 18 U.S.C. § 371(count 1); with knowingly and maliciously destroying and damaging by means of an explosive a vehicle and a building used in interstate commerce, in violation of 18 U.S.C. § 844(i) (count 2); and with using and carrying a firearm during and in relation to the crimes of violence alleged in counts one and two, in violation of 18 U.S.C. § 924(c)(1) (count 3). The United States proved at trial that Nguyen, Sieu Do and Lamb Diep were members of closely-knit Vietnamese

community, whose membership had moved from Hawaii to Houston. On January 23, 1992, Nguyen placed an explosive device underneath Diep's van and connected it to the ignition. (4 R. 107-10, 127, 149-52; Gov. Exh. 40, 42). The explosive device had been made by Sieu Do pursuant to instructions given to him by Nyugen. (4 R. 118, 122-30). The explosion killed Diep. (4 R. 92-95, 100-101, 107-08, 111-13, 129, 137; Gov. Exh. 14, 15, 26, 27). It also destroyed the van and damaged the apartment building. (4 R. 79-80, 83; Gov. Exh. 3-6). Nguyen admitted to law enforcement officials that he had instructed Sieu Do to make the destructive device, that he [Nguyen] had connected it to Diep's van, and that he wanted to kill Diep. (4 R. 149-53; 158; Gov. Exh. 42).

A jury convicted Nguyen on each count. This Court ordered that Nguyen serve a total of 765 months imprisonment, to be followed by a five year term of supervised release.[1] The Court ordered that Nguyen paid a $150 special assessment fee, a fine of $25,000, and $1,500 in restitution.

Nguyen appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed on July 9, 1997. *United States v. Nguyen*, 117 F.3d 796 (5th Cir.), *cert. denied,* 522 U.S. 987 (1997). He subsequently

---

[1] This court sentenced Nguyen to 60 months confinement on count one to run concurrent with a 405 month sentence on count two, to followed by a consecutive term of 360 years on count three, for a total sentence of 765 months.

filed a motion to vacate under 28 U.S.C. § 2255 (Dkt. 64), which this Court denied on February 8, 1999 (Dkt. 73). Nguyen appealed this denial to the Fifth Circuit, *United States v. Nguyen,* Cause N0. 99-20239, which on September 10, 1999, denied the certificate on appeal. (Dkt. 77).

On November 5, 2007, Nguyen filed pro se a letter requesting that this court discharge his $25,000 fine. The reasons Nguyen assert in this letter as grounds for discharging his $25,000 fine are that he has been incarcerated for 12 years; he is 59 years old, and he suffers from severe hemorrhoids and a ulcer condition, which precludes him from working at UNICOR prison industries. Nguyen asserts that he earns about $5 per month; that he has paid in full his court costs and has paid $1,100 in restitution. The basis for his request for discharge of his fine is that he will die in prison for his crime and is distressed over owing a fine that he cannot pay. This Court has ordered the United States to respond.

2. The statutory provisions regarding the imposition of fines and remission or modification of fines are codified at 18 U.S.C. § 3572 and § 3573. Section 3572(d) authorizes the district court to schedule the payment of fines in installments, which this Court did in this case. The Court made specific findings regarding Nguyen's ability to pay a fine. The special instructions regarding the payment of criminal monetary penalties are written on page 5 the Judgment:

> The special assessment and restitution are due immediately. The fine is to be paid at a rate of 70 percent of the defendant's prison earnings paid-in-full. Collection of the fine ceases upon the release of the defendant from the custody of the Bureau of Prisons, due to the defendant's ability to pay.

(Dkt.. 45, p. 5). Accordingly, when this Court imposed the $25,000 fine against Nguyen, it took into consideration Nguyen's ability to make installment payments on this fine from prison earnings until paid in full.

The information received by the undersigned from the Federal Bureau of Prisons (BOP) is that Nguyen is currently held at a high security federal penitentiary in Louisiana, and has a projected release date of December 30, 2050. With regard to Nguyen's statement in his letter that he is distressed about being unable to pay the fine in full because he will likely remain in prison for the rest of his life, when sentencing Nguyen, this Court factored into its sentencing determination the likelihood that he will be unable to pay the remainder of the fine once released from prison and ordered that the imposed fine cease at that point. With regard to Nguyen's claim that he cannot pay the fine because his medical conditions preclude him for working in the UNICOR prison industries, BOP has advised that Nguyen has no restrictions noted in his medical record that will preclude him from participating in UNICOR or other program.

Subsection (d)(3) authorizes the district court to adjust the fine payment schedule or to require immediate payment in full, as the interests of justice require, either on its own or on motion by any party once notified by the defendant of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. The statutory provision for modifying or remitting the imposition of a fine is contained at 18 U.S.C. § 3573 and available only by petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective. With regard first to Nguyen's claim that he has paid $1,100 in restitution during his twelve years incarceration, the Judgment shows that this Court ordered joint and several payment of the $1,500 restitution fee by Nguyen and codefendant Sieu Linh Do. The Clerk records in this District show that Sieu Linh Do paid $1,500 in restitution on November 1, 1995. Accordingly, the $1,500 was paid-in-full as of that date, and Nguyen has been making installment payments on the fine.

3.   While 18 U.S.C. § 3573 authorizes a federal district court to modify or remit the fine upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the United States does not petition this court for remission of the fine and, in fact, opposes Nguyen's request to have the fine discharged. The financial documents that Nguyen attaches to his request for

5

discharge of the fine show that he is on a minimum payment plan at BOP, and that he makes $25 payments quarterly. Nguyen does not assert in his letter that he is unable to pay the quarterly installment payment, that he has no money on deposit in his federal penitentiary account, or that his asserted medical conditions prevent him from using his present earning to make his quarterly payment. The financial transactions at BOP that Nguyen does not disclose to this Court shows that, at present, Nguyen maintains a $501.19 balance in his Federal Bureau of Prisons account.[2] The balance in this account as of December 1, 2006, was $410.42. In addition to the Payroll-IPP payments reflected on the document deposits sheets that Nguyen attaches to his letter, the records show was a $200 deposited from outside sources into this account on December 31, 2006, and a $250 deposit on July 31, 2007.

---

[2]The United States will provide a copy of the supporting BOP documentation if this Court requests.

Wherefore, premises considered, the United States opposes Nguyen's request that this Court discharge the $25,000 imposed against him.

        Respectfully submitted,

        DONALD J. DeGABRIELLE, JR.
        United States Attorney

        s/s Paula C. Offenhauser
        PAULA C. OFFENHAUSER
        Assistant United States Attorney
        919 Milam, Suite 1500
        P.O. Box 61129
        Houston, Texas 77208-1129
        (713) 567-9102

## CERTIFICATE OF SERVICE

I, Paula C. Offenhauser, Assistant United States Attorney, certify that a copy of this response has been served by placing it in the United States mail, postage prepaid, on December 14, 2007, addressed to: Tam Duy Nguyen, FCI 68252-079 , United States Penitentiary Pollock, P. O. Box 2099, Pollock, LA 71567.

s/s Paula C. Offenhauser<br>
PAULA C. OFFENHAUSER<br>
Assistant United States Attorney